UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHIRLEY WHITAKER | CIVIL ACTION NO. |
| VS | JUDGE |
| FEDEX FREIGHT, INC. and FEDEX CORPORATION | MAGISTRATE JURY DEMAND |

## COMPLAINT

NOW INTO COURT comes plaintiff pro-se, Shirley Whitaker, a person of the full age of majority and resident of East Baton Rouge Parish.

1.

Made defendants herein are Fedex Freight, Inc., a business corporation licensed to do business in the State of Louisiana, and Fedex Corporation, a business corporation licensed to do business in the State of Louisiana.

2.

Plaintiff, an African-American female, 56 years of age, began her employment with defendants in September, 1999, as a full time office associate.

3.

In February, 2009, manager, Christopher Panks, offered plaintiff a choice between being laid off and accepting a supplemental position.

4.

Plaintiff chose the supplemental position upon promises from Mr. Panks that he would restore her full time status once business picked up again.

1

5.

The supplemental position is part-time and carries no benefits. Plaintiff's responsibilities and work load did not diminish despite the fact that the work hours did.

6.

Plaintiff's pay was reduced from $18.83/hour to $15.31/hour No pay reduction was mentioned to plaintiff when she was offered to choose between layoff and supplemental position.

7.

To the best information and belief, no similarly situated Caucasian or younger employees were imposed a reduction in pay, benefits or hours.

8.

Almost immediately after accepting the supplemental position instead of the layoff, plaintiff began receiving an excessive amount of performance evaluations on alleged billing errors.

9.

Plaintiff also noticed that Mr. Panks was now monitoring her for every task.

10.

On or about February 25, 2009, plaintiff suffered a panic attack while at home. Plaintiff's husband called in for her to inform defendants she needed a sick day leave.

11.

Despite being informed of plaintiff's condition, defendants informed plaintiff's husband that she had to call in herself.

12.

On or about March 2, 2009, Mr. Panks held a meeting with plaintiff and Jeff Smith, Operations Supervisor.

13.

In that meeting Mr. Panks reprimanded plaintiff for another alleged billing error and informed her that the next perceived error could lead to suspension and/or termination.

14.

Consequently, on March 5, 2009, plaintiff submitted a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

15.

On or about March 24, 2009, plaintiff again called in sick.

16.

On March 25, 2009, a mediation was held by the EEOC. Chris Hamrick of Human Resources (HR) and a Fedex attorney were present. The mediation was unsuccessful.

17.

During a meeting on March 26, 2009, the very next day after the unsuccessful mediation, plaintiff was reprimanded for having called in sick the previous day.

18.

At that meeting Mr. Smith informed plaintiff that, per Mr. Panks, she could not have another day off until June, 2009. Plaintiff inquired as to what if she gets sick and

requires another day off. Mr. Smith told her that, if that was the case, she would be terminated.

19.

On April 6, 2009, plaintiff filed a retaliation charge with the EEOC.

20.

On April 7, 2009, plaintiff complained to Mr. Hamrick of HR of the reprimand she had received on March 26, 2009, regarding taking sick leave.

21.

Mr. Hamrick advised plaintiff of her option to take leave pursuant to the Family Medical Leave Act (FMLA).

22.

Subsequent to her conversation with Mr. Hamrock, plaintiff applied for FMLA, which was approved. However, Mr. Panks never informed plaintiff of the FMLA decision. She had to call HR to find out.

23.

On May 14, 2009, Mr. Panks emailed plaintiff and asked her if she wanted to reconsider taking a severance package and being laid off. Plaintiff refused the offer.

24.

On May 15, 2009, Mr. Panks again reprimanded plaintiff for alleged billing errors and placed her on a three-day suspension. The alleged billing errors spanned from March 9, 2009, to May 7, 2009.

25.

Plaintiff made several internal complaints of discrimination and none were resolved. Instead, they only triggered more retaliation from Mr. Panks.

26.

From February, 2009, when her hours and pay were reduced and benefits eliminated, plaintiff has continuously asked that she be restored to full time status.

27.

Defendants have refused plaintiff's requests each time claiming that business had not picked up and that there was no need for additional personnel during the hours that had been cut out of plaintiff's schedule.

28.

However, defendants have continued to bring additional personnel to substitute for plaintiff during the hours that she was cut. In addition, defendants also sent emails to all employees stating that business had improved and that benefits and hours would be restored.

29.

Plaintiff timely filed charges of discrimination and retaliation with the EEOC in March and April, 2009, respectively. As more than 180 days passed since the filing of the charges, the EEOC issued a Right-to-Sue Notice on each of plaintiff's charges on April 1, 2010.

30.

Plaintiff filed an additional charge of retaliation with the EEOC on May 13, 2010.

31.

Defendants' acts and omissions discriminated against plaintiff due to her race and age, African-American, wherein similarly situated Caucasian and/or younger employees in plaintiff's office were not subjected to hours and pay reduction or elimination of benefits. Plaintiff was also discriminated against wherein she was not, inter alia, included in most administrative meetings, was denied sick leave, and subjected to unreasonable scrutiny and criticism, unlike similarly situated Caucasian employees.

32.

Defendants' reduction of plaintiff's hours have also led to her eventual ineligibility for FMLA leave wherein she no longer accumulates the required number of worked hours in a 12-month period in order to qualify for FMLA.

33.

Defendants also retaliated against plaintiff for her repeated complaints of discrimination both internally and to the EEOC.

34.

Defendants' acts and omissions have been continuous and are in violation of Title VII of the Civil Rights Act, 42 USC 2000e et seq, as well as La. R.S. 23:312 and La. R.S. 23:332, as well as and La. R.S. 23:967.

35.

Due to the discrimination, retaliation and harassment she has been subjected to, plaintiff prays that she be awarded the following:

a. reinstatement to full time status with back pay and benefits, or front pay and benefits;

b. compensatory damages for emotional distress, mental anguish, humiliation and embarrassment;

c. medical costs;

d. punitive damages;

e. attorney's fees and costs;

f. any other damages the Court deems appropriate.

Plaintiff requests trial by jury.

WHEREFORE plaintiff, Shirley Whitaker, respectfully requests that, after justice be had, judgment be entered in her favor and against the defendants, Fedex Freight Inc., and Fedex Corporation.

*Shirley Whitaker*
Shirley Whitaker
2102 Southwind Ave
Zachary, LA 70791
Tel. 225-658-4634
Plaintiff Pro Se

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SHIRLEY WHITAKER

**(b)** County of Residence of First Listed Plaintiff   East Baton Rouge
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

FEDEX FREIGHT, INC. and FEDEX CORPORATION

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Title VII Civil Rights Act, 42 USC 2000e et seq.
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____