**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SHIRLEY WHITAKER**                                 **CIVIL ACTION**

**VERSUS**                                           **NUMBER 10-428-BAJ-DLD**

**FEDEX FREIGHT, INC., AND FEDEX CORPORATION**

**ORDER**

This matter is before the court on *pro se* plaintiff's "motion to compel plaintiff requested information from first, second and third set of supplemental discovery and its interrogatory #5 and request for production #19." (rec.doc. 37) The motion is opposed.

*Background*

Plaintiff began employment with defendant (or its predecessor) in 1999 as a billing associate. In February 2009, staffing changes were implemented, which affected plaintiff's full-time billing associate position in that she was the employee given the option either to accept a transfer to another office; agree to a layoff with a severance package; or accept a part-time position as a supplemental office associate. Plaintiff accepted the part-time position.

Thereafter, on March 5, 2009, plaintiff filed an EEOC charge ("Charge 1") which asserted race and age discrimination in connection with her job change from a full-time billing associate to a part-time supplemental office associate. On April 24, 2009, plaintiff filed a second EEOC charge ("Charge 2") which stated that on March 26, 2009, she had been written up as tardy for calling in sick, and asserted that this write-up was in retaliation for filing Charge 1.

On May 13, 2010, plaintiff filed a third EEOC charge ("Charge 3") based on retaliation, which stated that her full-time status, along with the benefits associated with that position, had not been restored; she continued to receive threats and corrective actions regarding her job performance; her FMLA leave was denied; she received "negative emails" constantly; and she was subjected to a "rude and hostile work environment."

Plaintiff thereafter filed this Title VII action on June 28, 2010, with respect to the right-to-sue notices she received on Charges 1 & 2, and subsequently amended her complaint to include Charge 3 once the right-to-sue notice was received on that charge. Approximately three months after the filing of this lawsuit, on September 27, 2010, plaintiff was terminated by defendant for violation of its attendance policy.

***The Motion to Compel***

On September 28, 2011, plaintiff filed the instant motion to compel, generally seeking information relating to: 1) dates for "pre-shift" meetings between 2002 and January 1, 2011, which addressed changes to the employee handbook; 2) data on the supplemental office associate who replaced plaintiff after her termination; 3) general employment data from January 1, 2006, to September 27, 2010, for all associates; and 4) unredacted "Kronos Edit Timesheets" for Joann Robertson, an alleged similarly situated employee.

With regard to the "pre-shift" meetings, plaintiff's interrogatory no. 5 sought the dates of the meetings and her request for production no. 19 sought the signature sheets for the meetings. Defendant responded that the discovery was overly broad, vague and ambiguous, sought irrelevant information, was not reasonably calculated to lead to the discovery of admissible documents, and the burden or expense of complying outweighed its likely benefit.

While the court agrees that nine years' worth of documents relating to employee meetings regarding changes to the employee handbook is overly broad and somewhat vague, the court finds that defendant's responses with regard to these two discovery requests are insufficient. The court will order that defendant supplement their responses to include the dates of all "pre-shift" meetings held at the Baton Rouge facility between January 1, 2007[1], through September 27, 2010, and to provide the signature sheets for these "pre-shift" meetings.

Next, plaintiff states that she requested the pre-shift log for a February 6, 2009, meeting which concerned staffing adjustments, and seems to argue that she was not informed of the staffing adjustment through the meeting as were other similarly situated employees but instead was notified on February 5, 2009, of the changes with regard to her position. Plaintiff did not provide a discovery request in connection with this statement, but she indicates that defendant responded that it was not aware of any staffing adjustment meeting on February 6, 2009. (rec.doc. 37, pg. 2) In response, defendant's opposition does state there was a February 6, 2009, meeting concerning staffing adjustments, but that defendant was "not aware of any preshift meeting requirement or any sign-in sheet for the February 2009 staffing adjustments meeting." (rec.doc. 45, pg 6) As defendant has stated there was no sign-in sheet for the February 2009 staffing adjustments meeting, defendant's response is sufficient.

---

[1]Plaintiff's requests and interrogatories contain several different time periods. Plaintiff has requested timesheets for her comparators, and the beginning time frame for this request is January 1, 2007. *See* rec.doc. 45-1, pg 20) Thus, for the sake of consistency, the court will use January 1, 2007, as the beginning time frame for the requests covered by this Order.

3

Moving on to plaintiff's request for production no. 6, plaintiff requested the resume and employment application for the person who replaced plaintiff either as a supplemental office associate or supplemental dock associate. Defendant objected to the request, but stated that upon the entry of a protective order and in the event it located responsive documents, such would be provided. (rec.doc. 45-1, pg. 11). Defendant later supplemented its response to note that after plaintiff's termination, plaintiff was not replaced, but defendant instead used "in-house, cross-trained employees [Supplemental Dock Associates] to perform billing, which was plaintiff's primary job responsibility at the time of her termination." (rec.doc. 45-4, pg. 10) Defendant contends that Gezniak was hired as a Supplemental Field Office Associate in November, 2010, to perform driver check-in, which were not a part of plaintiff's duties at the time of her termination, and in July, 2011, a Supplemental Office Associate was hired to perform billing.

There appears, however, to be some confusion as to whether or not plaintiff is alleging that defendant's response was insufficient to this request for production (request no. 6), or if she meant to allege that defendant's response was insufficient to a different request for production (supplemental request no. 6). Plaintiff's motion lists request no. 6 but provides defendant's response to *supplemental* request no. 6. In the event that plaintiff was referring to request for production no. 6 as indicated in her motion, the court determines that defendant's response (as noted above) was sufficient.

In the event that plaintiff was referring to her August 29, 2011, "supplemental request for additional information on discovery (rec.doc. 45-3, pg 4, and rec.doc. 37, pg 2)," which requested the dates of hire and resignation of Jake Minner, the job description for a supplemental field office associate, and the job posting at the time of Sandra Genziak's

4

hire, plaintiff complains that defendant's response that the job posting at the time of hire for Sandra Genziak is not relevant is an insufficient response because the job positing "will show who was hired as a Supplemental Office Associate after Plaintiff's termination." (rec.doc. 37, pg 2) Defendant responded to this request by referring plaintiff to the previously produced job description for this position, Bates-numbered FEDEX000619, effective date of June 1, 2007. Thus, the court determines that defendant's response was sufficient.

Next, plaintiff's supplemental request for production no. 8 requested all employment data for January 1, 2007, to September 27, 2010, for "office full or part-time, supplemental office associates, and supplemental dock associates," including "name, hiring date, employment location, facility, wages, their race, age, gender, discharge date and reason for discharge." (rec.doc. 37, pg. 2) Defendant generally objected to the request on all grounds and specifically objected that the discovery sought irrelevant information; was not reasonably calculated to lead to the discovery of admissible evidence; sought confidential information relating to third-parties; and the burden or expense of complying with the request outweighed its likely benefit.[2]

The court notes that other than lodging objections, the record does not reflect that defendant provided any documents related to supplemental request for production no. 8. The court therefore will exercise its broad discretion in discovery matters and order defendant to supplement its response to this discovery request to provide employment

---

[2]Defendant further asserted in its opposition to the motion to compel that, with regard to this request, that plaintiff requested information regarding dock associates and city drivers, positions which are not comparators to plaintiff's position; however, the court notes that plaintiff's request does not ask for employment data regarding dock associates and city drivers.

5

information from January 1, 2007, through September 27, 2010, relating to office associates, supplemental office associates, and supplemental dock associates at the Baton Rouge facility. Such information shall include the names of the employees, their hiring and/or termination dates, race, and age at time of hiring and/or termination. Defendant may provide this information under seal and subject to the protective order currently in place.

However, with regard to plaintiff's request for information relating to other facilities, the court finds that this request is overly broad as plaintiff has not made any claim that the alleged discrimination extended beyond the facility where she was employed. Moreover, as plaintiff has not brought any claims regarding unequal pay, or raised a discrimination/retaliation claim based on her sex, her request with regard to her comparators' pay or sex seeks information which is not relevant to any claim or defense in this matter.[3] Thus, the court will not order defendant to produce this employment information in response to supplemental request for production no. 8.

Lastly, plaintiff seeks unredacted Kronos timesheets for office associates and supplemental office associates including Jo Ann Robertson from January 1, 2007, through December 31, 2010. (rec.doc. 45-1, pg 20) Plaintiff asserts that defendant provided redacted timesheets which did not include dates, and that this was done to cover up Robertson's tardiness in 2008-2010. (rec.doc. 37, pg. 3) Defendant contends that any redactions were to prevent disclosure of Social Security numbers, home addresses, and

---

[3]The court is aware that plaintiff's change in position resulted in a loss of pay on an hourly basis; however, plaintiff has not indicated that her hourly wage differed in any way from other part-time supplemental office associates due to a discriminatory basis. Likewise, as plaintiff's EEOC charges are devoid of any discrimination or retaliation based on her sex, any information relating to her comparators' sex is not relevant to a claim or defense in this matter.

6

phone numbers, and that no dates or reasons for completion of the Kronos timesheet forms were redacted.

The court notes that plaintiff did not provide an example or copy of a redacted timesheet for its review, or explain how the alleged missing information on someone else's timesheet is relevant to her claims. Thus, the court finds that defendant's response to this request is sufficient.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to compel discovery responses (rec.doc. 37) is **GRANTED in part and DENIED in part** as follows:

1. The motion is **GRANTED** to the extent that defendant shall provide supplemental responses to plaintiff's interrogatory no. 5, request for production no. 19, and supplemental request for production no. 8 within twenty-one (21) days of this Order; and

2. In all other respects, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on December 16, 2011.

                                                                    **MAGISTRATE JUDGE DOCIA L. DALBY**