UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHIRLEY WHITAKER

VERSUS

FEDEX FREIGHT, INC. AND FEDEX
CORPORATION

CIVIL ACTION

NO. 10-428-BAJ-DLD

**RULING AND ORDER**

This matter is before the Court pursuant to a Motion for Reconsideration filed by Defendant FedEx Freight, Inc. (Doc. 69).[1] This suit is brought under the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

The Court denies Defendant's Motion for Reconsideration for the reasons advanced in this Court's prior ruling (Doc. 67). The Court finds that there are genuine issues of material fact as to whether Defendant's reasons for Plaintiff's termination are a pretext for retaliation.[2] The Court reaches this conclusion for the following reasons.

As a preliminary matter, a motion for reconsideration must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal

---

[1] Defendant filed its Motion seeking a reconsideration of this Court's ruling on September 26, 2012 (Doc. 67). While Defendant rehashes a number of previous arguments, it principally disputes whether Plaintiff provided sufficient evidence to support a holding that Defendant's justification for her termination may have actually been a pretext for discrimination.

[2] Plaintiff avers that she was actually terminated because she filed complaints with the Equal Employment Opportunity Commission (EEOC) against Defendant (Doc. 46, at 9).

quotations omitted). Additionally, Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued..." *Id.* More importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction" and Defendant "cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D.Tex. June 14, 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Here, Defendant avers that the Court overlooked an undisputed fact in its prior ruling.[3] In this Court's prior order, it held that Plaintiff has offered a chronology of events from the filing of her EEOC complaints to her ultimate termination sufficient to meet her burden of establishing a *prima facie* case of retaliation.[4] Further, the Court found that Plaintiff established genuine issues of material fact as to whether Defendant's proffered reason for her termination was a pretext for retaliation (Doc. 67 at 9-17).

---

[3] On September 26, 2012, this Court issued a ruling (Doc. 67) on Defendant's Summary Judgment Motion dismissing Plaintiff's claims of racial and age-based discrimination, and hostile work environment under Title VII of the Civil Rights Act of 1964, and dismissing claims of age discrimination under the Age Discrimination in Employment Act. The Court denied Defendant's motion with respect to the Title VII retaliation claim concerning Shirley Whitaker's termination from employment for infringement of FedEx's attendance policy (Doc. 67, at 9-17).

[4] The Court notes that Defendant essentially fails to assert new arguments in support of its Motion for Reconsideration except for elaborating on its personal paid time policy. Defendant rehashes arguments regarding whether a causal link existed between Plaintiff's participation in the protected activity and the adverse employment decision, whether there was sufficient temporal proximity, and whether corrective actions due to Plaintiff's alleged billing errors are sufficient to create issues of material fact. The Court denies Defendant's Motion for Reconsideration on those grounds also, as Defendant merely rehashes the same arguments that were presented in its Motion for Summary Judgment.

Because Defendant also uses its Motion for Reconsideration to rehash previous arguments, the Court denies the motion on those grounds and relies on its prior ruling. Specifically, Defendant claims to "respectfully reassert its contention that Whitaker failed to submit competent summary judgment evidence to make a *prima facie* case of Title VII retaliation (Doc. 69-1, at 5)."[5] This Court has previously found that Plaintiff has successfully asserted a *prima facie* case for retaliation. Thus, the Court limits its discussion to Defendant's arguments concerning Plaintiff's evidence of pretext and the alleged facts regarding Defendant's personal paid time policy.

Defendant argues that the Court erred in its prior ruling because the use of accrued personal paid time by a FedEx employee, when it has not been pre-approved, only serves to prevent the loss of wages. Moreover, because Plaintiff would have been unable to use accrued, personal paid time to prevent her termination, Defendant is entitled to summary judgment as to Plaintiff's retaliation claim (Doc. 69-1, at 2). The Court disagrees.

Even if Plaintiff was unable to use personal paid time to prevent her termination, there are still genuine issues of material fact regarding Defendant's

---

[5] To make a *prima facie* case for retaliation, a plaintiff must show: (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action; and (3) that a causal link existed between her participation in the protected activity and the adverse employment decision. *Roberson v. Alltel Info. Services*, 373 F.3d 647, 655-56 (5th Cir. 2004); *Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 531 (5th Cir. 2003). Once the plaintiff establishes a prima facie case of unlawful retaliation, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the adverse employment action. *See Rios v. Rossotti*, 252 F.3d 375, 380 (5th Cir. 2001)(citing *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998)). If the employer meets this burden of production, then the burden of production shifts back to the plaintiff to show that the employer's proffered reason for the adverse employment decision was pretext for retaliation. *Byers v. Dallas Morning News, Inc.*, 209 F. 3d 419, 427 (5th Cir. 2000).

proffered reasons for her termination. Specifically, Plaintiff raises issues of whether Defendant applied less stringent attendance policy standards to other employees. Thus, the threshold issue is not only whether Plaintiff could have applied her personal paid time under Defendant's policy, but also whether Plaintiff was afforded the **same consideration** given to other employees under the policy. Essentially, whether Defendant's attendance/tardy policy was **applied** equitably.

Both parties concede that Plaintiff's termination stemmed from her accumulation of "attendance points"[6] due to tardiness and that she would have been considered tardy if she had arrived more than three minutes late (Doc. 69-1. at 9). Defendant fails to address, however, Plaintiff's presentation of timesheets indicating that a co-employee was given more consideration than Plaintiff under similar circumstances (Doc. 46, at 73-88). Plaintiff offers time sheets to show that Defendant routinely changed a co-employee's time sheet record to add time and give her more flexibility when tardy (*Id.*).

Further, Plaintiff points to other facts to establish her retaliation claim. Plaintiff references emails regarding her request to return to full-time status. According to Plaintiff, Defendant's subsequent denial of such requests was for non-legitimate reasons (Doc. 46, at 29). Moreover, Plaintiff points to the sudden, heightened criticism in the form of unusual corrective action, suspension, and

---

[6] According to both parties, Plaintiff was terminated when she accumulated the last .5 of 5.5 "attendance points" as a result of a "tardy" that she received on September 20, 2010 due to an accident on the interstate (Doc. 38-3, at 169-171; Doc. 69-1, at 2).

4

more frequent emails regarding billing accuracy (Doc. 46, at 50). Additionally, each of these incidents occurred relatively close in time to Plaintiff's EEOC claims.

According to the Fifth Circuit, "the combination of suspicious timing with other significant evidence of pretext, can be sufficient to survive summary judgment." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 409 (5th Cir. 1999). Consequently, the facts referenced by Plaintiff demonstrate significant evidence of pretext, sufficient to survive a motion for summary judgment.

Thus, Plaintiff has established genuine issues of material fact as to whether Defendant's justification for Plaintiff's termination was a pretext for retaliation. Therefore, Defendant is not entitled to judgment as a matter of law as to Plaintiff's retaliation claim. Accordingly, Defendant's Motion for Reconsideration must be denied.

## CONCLUSION

For the foregoing reasons, Defendant FedEx Freight, Inc.'s Motion for Reconsideration (doc. 69) is hereby **DENIED**.

Baton Rouge, Louisiana, August 23, 2013.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA